Request of House of Representatives,
No. 4732.

OPINION OF THE JUSTICES.

Submitted March 10, 1959.

Answer returned March 18, 1959.

The following resolution adopted by the House of Representatives on February 26, 1959, was filed in this court on March 3, 1959:

"WHEREAS, there is now pending before the House of Representatives, House Bill No. 165, An act establishing a franchise tax on gas and electric utilities, and

"WHEREAS, questions have been raised concerning its constitutionality, therefore be it

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"(1) Does said bill conflict with or violate the New Hampshire Constitution in any of its provisions?

"(2) If the answer to question (1) is in the negative, would the answer be the same if the rate of taxation specified in line 4

of page 3 of said bill were set at eight per cent rather than three per cent, and be it further

"RESOLVED, That the Speaker of the House transmit to the Clerk of the Supreme Court six copies of this resolution and of House Bill No. 165."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following answers to the inquiries contained in your resolution dated February 26, 1959, and filed in this court March 3, 1959, relating to House Bill No. 165, entitled, "An Act establishing a franchise tax on gas and electric utilities."

House Bill No. 165 proposes in section 83-A:2 a franchise tax on gas and electric utilities in the following language:

"83-A:2 TAX IMPOSED. Every public utility shall pay to the state, annually, a special tax upon the franchise exercised by such public utility within the state, such tax to be assessed at a rate equal to three per cent of the income such public utility derives in this state during the calendar year of assessment from the exercise of such franchise."

Under another section of the bill (83-A:1 V) income is defined in the following language:

"Net income derived from the exercise of franchise," hereinafter referred to as 'income,' shall mean net utility operating income less deductions from income as reported in accordance with the applicable uniform classification of accounts of the public utilities commission in effect on the date of the passage of this chapter."

The power of the Legislature to select the franchises of gas and electric utilities as the subject of a special tax has been approved in prior decisions. *Opinion of the Justices*, 84 N. H. 559, 569; *Opinion of the Justices*, 101 N. H. 549. The bill would impose such a tax upon the exercise of the franchises in question, to be measured by the net income derived from such exercise by the taxpayer. As was indicated by the advisory opinion last cited, we consider that such a tax is permitted by the Constitution. *Opinion of the Justices, supra*, 549, 556. The bill discloses no conflict with the New Hampshire Constitution. Accordingly the answer to your first question "Does said bill conflict with or violate the New

Hampshire Constitution in any of its provisions?" is no.

The second question in effect is whether House Bill No. 165 would be constitutional if the rate of taxation were set at eight per cent rather than three per cent. While this question is primarily legislative rather than judicial we assume that it seeks to raise the question whether an eight per cent tax would be confiscatory or arbitrary. In the absence of any briefs or memoranda filed by the State or interested parties, and in the further absence of any report of the special commission to study public utility taxation (Laws 1958, Sp. Sess., 5:4; 6:5) we must answer the inquiry in a limited manner. See *Opinion of the Justices*, 97 N. H. 533, 540; Note, Judicial Determinations in Nonadversary Proceedings, 72 Harv. L. Rev. 723 (1959).

On its face a franchise tax of eight per cent measured by income as defined in House Bill No. 165 would not be confiscatory, nor would the tax be arbitrary for the reasons set forth in the *Opinion of the Justices, supra*, 101 N. H. 549. See also, *Railway Express, Inc.* v. *Virginia*, 79 S. Ct. 411.

> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> AMOS N. BLANDIN, JR.
> EDWARD J. LAMPRON.
> STEPHEN M. WHEELER.

March 18, 1959.